UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>                Plaintiff,<br>vs.<br><br>MIDWAY LAND, LLC; SEA FINANCIAL, INC.; SMART & FINAL STORES, LLC dba SMART & FINAL #464; CSK AUTO, INC. dba O'REILLY AUTO PARTS #2941; AARON BROTHERS, INC., dba AARON BROTHERS #35,<br>                Defendants. | CASE NO. 12cv0148 JM(WMc)<br><br>ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT |

Plaintiff Chris Kohler moves for leave to file a First Amended Complaint ("FAC"). Defendants Midway Land, LLC and Sea Financial, Inc. collectively oppose the motion. Defendant Aaron Brothers, Inc., dba Aaron Brothers #35, ("Aaron Brothers") opposes the motion.[1] Pursuant to Local Rule 7.1(d)(1), the court finds this matter appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion for leave to amend. Plaintiff shall separately file the FAC within 10 days of entry of this order.

**BACKGROUND**

On January 18, 2012 Plaintiff commenced this Americans with Disabilities Act ("ADA") case, 42 U.S.C. §12101 et seq., against a shopping center and three establishments located on Midway Drive

---

[1] On March 14, 2012 Plaintiff voluntarily dismissed Smart & Final Stores, LLC dba Smart & Final #464 as a party to this action. (Ct. Dkt. 14).

1  in San Diego, California: Smart & Final, O'Reilly Auto Parts, and Aaron Brothers. The
2  establishments are located in a shopping center owned and/or operated by Defendant Midway
3  Shopping Center. (FAC ¶7). The court notes that while Sea Financial is named as a party in the
4  caption, it is not identified as a party in the complaint. (FAC ¶7-10).

5        This is an architectural barriers case. Plaintiff alleges that he visited the shopping center at
6  some unidentified point in time, both prior to and after the filing of the original complaint, and
7  encountered barriers to parking, including, among other things, a slope in excess of 2% thereby making
8  it "difficult for Kohler to unload and/or transfer from his vehicle as his wheelchair could roll on the
9  uneven surface," (Motion at p.3:12-14); the access ramp to one of the disability spaces is on the wrong
10 side of the space and the disability signage is not correct. (FAC ¶15, 16). With respect to O'Reilly
11 Auto, Plaintiff alleges that the entrance door handles have made the site "inaccessible." (FAC ¶16).
12 With respect to Aaron Brothers, among other things, Plaintiff alleges that the route to the restroom is
13 too narrow, the restroom door is difficult to open, and the pipes under the sink are only partially
14 wrapped thus causing Plaintiff to risk burning his legs on hot pipes. (FAC ¶17).

15       Plaintiff also seeks to add a claim of retaliation against Aaron Brothers because at the Early
16 Neutral Evaluation Conference before Magistrate Judge McCurine, counsel for Aaron Brothers
17 represented that all alleged barriers to access had been remediated. (Motion at p.4:26-28).
18 Subsequent to the conference, Plaintiff attempted to confirm the remediation but was denied access
19 to the restroom. (Motion at p.5:1-5). The FAC simply alleges that "Aaron [B]rothers' refusal to allow
20 plaintiff to inspect the restroom at the subject facility constitutes <u>prima facie</u> retaliation against
21 plaintiff for the exercise of his rights and protections under the ADA." (FAC ¶142).

22       Based upon the alleged discovery of the identified architectural barriers, Plaintiff alleges
23 thirteen causes of action against Defendants for violation of the ADA, the Unruh Civil Rights Act, Cal.
24 Civil Code §51, and Health and Safety Code §1955.

25       **DISCUSSION**

26       Plaintiff seeks leave to amend the complaint to provide greater detail concerning the
27 architectural barriers he allegedly encountered at the shopping center and to add a retaliation claim
28 against Aaron Brothers. "The court should freely give leave [to amend] when justice so requires."

1  Fed.R.Civ.P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a
2  proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman
3  v. Davis, 371 U.S. 178, 182 (1962). This principle is to be applied with "extreme liberality." Eminence
4  Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir.2003) (per curiam). Absent prejudice, or
5  a strong showing of undue delay, bad faith, repeated failures to cure pleading deficiencies, or futility,
6  "there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. at 1052.

7  In light of the strong federal policy favoring the amendment of pleadings and the early stage
8  of these proceedings, the court grants the motion to file the FAC. While Defendants' arguments have
9  some merit, they fail to make a strong showing of undue delay, bad faith, futility or undue prejudice.[2]
10 In large part, counsel for Aaron Brothers characterizes Plaintiff as a professional ADA plaintiff and
11 professional athlete who has filed over 200 ADA actions over the past six years and whose retaliation
12 claim "is completely frivolous and based on **outright lies**." (Aaron Oppo. at p.3:8-9). Aaron Brothers
13 represents that its employees informed Plaintiff on the day of the inspection that the restroom "toilet
14 was not working on the date of Plaintiff's visit, which Aaron Brothers specifically told Plaintiff."
15 (Aaron Oppo. at p.3:10-11). Aaron Brothers concludes that there is no basis for a retaliation claim
16 under the circumstances. These, and similar, arguments are better addressed in the context of either
17 Rule 12 or Rule 56.

18 In future motion practice, this court expects the parties to cleave to the issues in their respective
19 papers, to refrain from pejorative characterization and invective, and to exercise civility and
20 professionalism in all dealings with one another and the court.

21 In sum, the court grants the motion to file the FAC.

22 **IT IS SO ORDERED.**

23 DATED: July 24, 2012

24                                                    _____
25                                                    Hon. Jeffrey T. Miller
                                                      United States District Judge

26 cc:        All parties

---

28  [2] The court notes that many of the arguments raised by Defendants are better addressed in the context of a Rule 12 or Rule 56 motion, and not in opposition to a motion to amend.