Scottlynn J Hubbard IV, SBN 212970
Khushpreet R. Mehton, SBN 276827
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone:   (530) 895-3252
Facsimile:    (530) 894-8244
Email:  USDCSo@HubsLaw.com

Attorneys for Plaintiff

United States District Court

Southern District of California

| | |
|---|---|
| Chris Kohler,<br><br>          Plaintiff,<br><br>          vs.<br><br>Midway Land, LLC, et al.,<br><br>          Defendants,<br>_____ | Case No. 3:12-cv-00148-JM-WMC<br><br>**Plaintiff's Response to Defendants' Objections to Plaintiff's Pretrial Disclosures (Exhibit List)**<br><br>Trial Date:  September 28, 2015<br>Room:<br>Time:          10:00 a.m.<br><br>Honorable Jeffery Miller |

<u>Kohler v. Midway Land, LLC, et al.,</u> **Case No. 12cv0148 JM (WMc)**
**Plaintiff's Response to Defendants' Objections to Plaintiff's Pretrial Disclosures (Exhibit List)**

-1-

Defendants Midway Land, LLC and Sea Financial, Inc. (jointly "defendants") objected to plaintiff Chris Kohler's pretrial disclosures. *Docket No. 88*. Our response is as follows:

**1.  Pre-remodel Photographs**

Defendants object to our pre-remodel photographs of their shopping center on the grounds of relevance, *i.e.*, they depict the prior condition of the subject facility.[1] This is nonsense. Kohler is seeking damages for barriers that he encountered *before* the defendants' remodel. These photographs are relevant because they show the barriers he encountered, when he originally encountered them, which is relevant to the issue of damages.

**2.  Post-remodel Photographs**

Defendants also object to six photographs taken on or around July 23, 2015, on the grounds that they constitute evidence collected after the close of discovery, *i.e.*, January 18, 2013. Once again, this is nonsense. Parties have a duty under Rule 26(e)(1)(A) to seasonally amend their discovery and disclosures. In this instance, discovery closed on January 18, 2013 – twenty eight months before the Ninth Circuit remand. It was not only reasonable for Kohler to return to the site (and confirm that barriers still remained) in light of the defendants' multiple renovations and claims of mootness, he had a well-defined duty to do so. Moreover, Kohler could not have produced these photographs prior to the close of discovery because they did not exist and, more importantly, they could not have existed because the defendants had not completed their remodel. More importantly, Kohler

---

[1]  Plaintiff originally filed suit against the entire Midway Shopping Center located at 2740-2804 Midway Drive in San Diego, CA, however, the only architectural barriers to access that remain at issue for trial are those located nearest to the Aaron Brothers Store at 2790 Midway Drive.

Kohler v. Midway Land, LLC, et al., Case No. 12cv0148 JM (WMc)
Plaintiff's Response to Defendants' Objections to Plaintiff's Pretrial Disclosures (Exhibit List)

-2-

timely disclosed these photographs to defendants on August 5, 2015, which not only show that the defendants failed to remove the architectural barriers from their facility but that injunctive relief is still available, which is relevant for both his claim for injunctive relief and to defend against their mootness defense.

### 3. Building Records

Defendants also object to the building records for their facility on the grounds of hearsay and lacking foundation. A strange objection, to be sure, considering that public records are admissible under one of the better known hearsay exceptions, (FRE 803(8)); and the parties already agreed to the facts contained therein, *i.e.*, the parking was altered after plaintiff filed his complaint, *i.e.,* January 18, 2012, thereby independently triggering access requirements under the ADA. 42 U.S.C. § 12183(a)(2). We think this objection should be overturned as well.

### 4. Goldberg Transcript

Finally, defendants object to Edward Goldberg's deposition transcript because neither he nor his company is a party in this case. Again, this is not a valid objection. The defendants identified Goldberg as a defense witness; and while we are confident that he will testify in an honest and truthful manner, we may need his transcript for impeachment, should the stress of the moment get the better of him. Furthermore, because it is impossible for us to know (in advance) what portions of his transcript might be needed, we have offered the transcript – in its entirety – out of an abundance of caution.

Dated: August 28, 2015             Disabled Advocacy Group, APLC


                                    */s/     Khushpreet R. Mehton, Esq.    /*
                                    Khushpreet R. Mehton
                                    Attorney for Plaintiff

Kohler v. Midway Land, LLC, et al., Case No. 12cv0148 JM (WMc)
Plaintiff's Response to Defendants' Objections to Plaintiff's Pretrial Disclosures (Exhibit List)

-3-