UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER, <br><br>　　　　　Plaintiff, <br>v. <br>MIDWAY LAND, LLC; SEA FINANCIAL, INC., <br><br>　　　　　Defendants. | Case No. 12cv148 JM(DHB) <br><br>STATEMENT OF DECISION |

In this disabled civil rights action for injunctive relief and damages (as the parties have phrased the case in their Pretrial Order), the court must decide whether Defendants Midway Land, LLC and Sea Financial, Inc. (collectively referred to as "Midway") have violated the Americans with Disabilities Act, 42, U.S.C. §12181, et seq., and related state statutes[1].

A short recitation of the procedural backdrop is in order. As alleged in the First Amended Complaint, Plaintiff is a paraplegic who uses a wheelchair to move about in public. In 2012, Plaintiff encountered parking lot barriers in Midway's shopping center

---

[1] Specifically, the Unruh Civil Rights Act ("Unruh Act"), Calif. Civil Code §§51 et seq., Calif. Civil Code §§54 et seq., the Disabled Persons Act ("DPA"), Calif. Bus. & Prof. Code §§17200 et seq. Plaintiff originally filed suit against several defendants, all of whom have now been dismissed except Midway.

in San Diego and brought this action. On April 5, 2013, this court granted Midway's motion for summary judgment on all federal claims and, determining not to exercise supplemental jurisdiction, dismissed the remaining state claims. The court based its order on the grounds that the claimed ADA violations did not exist or had been remedied, and that with respect to the alleged slope violations of a parking space and access aisle in front of the Aaron Brothers store, the qualifications of Plaintiff's expert witness were not established.

In February 2015, the Ninth Circuit Court of Appeals, in a Memorandum Disposition, affirmed this court's rulings with the exception of the excessive slopes issue, holding that in light of Strong v. Valdez Fine Foods, 724 F.3d 1042 (9th Cir. 2013) (decided after this court's ruling), a disabled plaintiff complaining of excessive slope is "not required to offer expert evidence or precise measurements to survive summary judgment." This matter was then remanded in light of Strong.

On remand, the parties agreed that the sole factual issue reserved for trial concerned the slopes of the disabled parking space and access aisle adjacent to the Aaron Brothers store. That question, in turn, depends on whether the slopes and cross-slopes of the subject areas are no more than the allowable 1:48 which converts to 2.083% slope.

## Evidentiary Record

On September 28, 2015, this matter proceeded to trial following the Ninth Circuit remand. Testimony and other evidence was presented by both parties on the slope issue.

Plaintiff Chris Kohler was the only witness called during his case. Plaintiff testified that as a paraplegic, he visited the Midway shopping center several times in January and May 2012, and on September 24, 2015 just a few days before trial. Plaintiff testified that on September 24, 2015, he, with the assistance of an attorney from his attorney's firm, took slope measurements of the access aisle area only, using a Husky level which Plaintiff calibrated by following the instructions listed on an instruction sheet. Plaintiff and the attorney used a procedure whereby the attorney made the measurements and then the "readings" would be recorded by Plaintiff who testified three

slope readings in the access aisle were in excess of 2.083%: 2.7%, 3.2%, and 3.1%. No measurements were taken in the subject parking space. Plaintiff testified on cross-examination that the access aisle did not pose an impediment to him on September 24, 2015 for entry into Aaron Brothers.

After Plaintiff rested, Midway called a single witness, Gregory Izor, a licensed architect and certified access specialist. As such, Mr. Izor's field of expertise includes access compliance issues under the ADA and state and local regulation. His work entails inspecting existing conditions and facilities for compliance, and reporting non-compliance issues with recommendations for remediation. Ten percent of Mr. Izor's work is litigation-related and 90% is devoted to architectural responsibilities.

As a California certified access specialist (CAS), Mr. Izor has been examined and qualified on slope compliance. In 2008, he co-founded the CAS Institute, worked for the California State Architects office in the area of access compliance and has trained other personnel in the are of ADA compliance. Mr. Izor has reviewed hundreds of sites for ADA compliance, including disabled parking space requirements, for private clients including Los Angeles Airport (LAX), Marriott, and Residence Inns. Compliance review is always done with a 100% compliance goal.

Mr. Izor reviewed the Midway Shopping Center in December 2012 and February 2013. He took slope measurements and photos of the disabled parking space and access aisle in question. He used a 24 inch stabila electronic calibrated measure and took measurements utilizing federal and state standards. Before measuring, Mr. Izor scraped all dirt, gravel and debris out of the way as a piece of this material can make a difference in slope. Mr. Izor measured vertically , horizontally, as well as cross-slope and at angles. He did not find any slope measurement to be in excess of 2%.

Mr. Izor returned to the center in August 2015 and was accompanied by a licensed surveyor, Stephen Howell, to assist him. No slope changes were found from 2012 and no slope exceeded 1.8%. Moreover, the surveyor measured from 9 different elevator points

including all corner points of the parking space and access aisle areas. The corner point and 5 midpoint measurements ranged from .4% to 1.8% slope.

Analysis

The parties agree that in order for Plaintiff to prevail, he must establish that the disabled parking space and access aisle adjacent to Aaron Brothers in the Midway Shopping Center have slopes in excess of 1:48 or 2.083%, and, therefore, are not within ADA compliance requirements.[2]

Although the court does not question Plaintiff's conviction regarding his slope analysis, the great weight of credible evidence clearly establishes that the slopes of the disabled parking space and access aisle in question do not exceed 1:48, or 2.083%, and therefore, comply with relevant ADA requirements. These findings and conclusions are buttressed by the convincing testimony of Midway's independent expert, Mr. Izor, the methodology he employed in 2012 and his follow-up inspection in 2015 in which he was assisted by a licensed surveyor.

Moreover, and as an independent basis for denying Plaintiff's ADA claims, this court finds that at no time did any condition of the subject slopes interfere with Plaintiff or impede his ability to use the goods and services provided in the Midway Shopping Center.

Because Plaintiff relies on the same accessibility/barrier claims in asserting his state claims that he based his ADA claims upon, Plaintiff's state claims fail as well. Simply stated, the evidence clearly establishes Midway has not violated any California accessibility law, nor does the evidence establish Plaintiff has been denied full and equal access to any goods or services provided at the Midway Shopping Center.

///
///
///

---

[2] It is undisputed that Plaintiff is disabled with the meaning fo the ADA, nor that Midway Defendants own, lease, or operate a "public accommodation".

## Conclusion

For the foregoing reasons, Plaintiff's federal and state claims are denied and defendants are entitled to judgment.  Defendant shall prepare a judgment.

IT IS SO ORDERED.

DATED: October 19, 2015

_____
Hon. Jeffrey T. Miller
United States District Judge